# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**Nina Diane Riley**                                                                                          **Plaintiff**

**v.**              **No. 4:15-CV-00029 BRW-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                              **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Billy Roy Wilson.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wilson may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Nina Diane Riley seeks judicial review of the denial of her application for social security disability benefits.[3] She claims she has been disabled since she stopped working on September 28, 2011. She bases her claim of disability on sleep apnea, depression, and anxiety.[4]

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments — sleep apnea and adjustment disorder[5] — and determined Riley can do some light work.[6] Because a vocational expert identified available light work, the ALJ concluded that Riley isn't disabled and denied the application.[7]

After the Appeals Council denied review,[8] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[9] Riley filed this

---

[3]SSA record at pp. 161 & 168 (applying on Dec. 19, 2011 and alleging disability beginning Sept. 28, 2011).

[4]*Id.* at p. 185.

[5]*Id.* at p. 28.

[6]*Id.* at p. 30.

[7]*Id.* at p. 35.

[8]*Id.* at p. 1.

[9]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until

case to challenge the decision.[10]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Riley allegations**.  Riley was represented by an attorney in the agency proceedings, but she filed this case pro se.  She generally challenges the determination that she was not disabled during the time period September 28, 2011 to June 25, 2014.[11]  She submitted medical evidence with her pleadings.

**Applicable legal principles**.  When reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Riley can do some light work and that work exists

---

administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[10]Docket entry # 1.

[11]Docket entry #s 12 & 15.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

that Riley can do.[13]

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[14] The ALJ placed the following limitations on light work:

> (1) occasionally balance, stoop, bend, kneel, crouch, and crawl,
>
> (2) no climbing ladders/ropes/scaffolds, unprotected heights, temperature extremes, or excessive exposure to dust, smoke, fumes, or other pulmonary irritants, and
>
> (3) simple, routine, repetitive tasks with simple, direct, concrete supervision with occasional contact with co-workers and no contact with the general public.[15]

The question for the court is whether a reasonable mind will accept the evidence as adequate to show Riley can work within these limitations.

A reasonable mind would accept the evidence as adequate for the following reasons:

> 1. **Medical evidence shows no disabling impairment**. A claimant must prove she is disabled with medical evidence; her allegations aren't

---

[13]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[14]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[15]SSA record at p. 30.

4

enough to prove disability.[16] The medical evidence consists of: (1) a November 2010 mental health assessment,[17] (2) two December 2011 emergency room visits,[18] (3) an April 2012 eye exam,[19] and (4) a May 2012 agency mental diagnostic evaluation.[20]

The November 2010 mental health assessment doesn't further Riley's claim because it precedes the time period for which benefits were denied.[21] The December 2011 emergency room visits establish a

---

[16]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[17]SSA record at p. 330.

[18]*Id.* at p. 344 (Dec. 5, 2011, for shortness of breath and chest pain) & p. 335 (Dec. 21, 2011, for contusion to toe).

[19]*Id.* at p. 364.

[20]*Id.* at p. 368.

[21]*Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) (material evidence relates to claimant's condition for time period for which benefits were denied).

5

diagnosis of sleep apnea.[22] A diagnosis doesn't further the claim because a diagnosis does not establish disabling symptoms. The April 2012 eye exam doesn't further the claim because it documents normal eye health with corrective lens.[23] The May 2012 agency mental diagnostic evaluation doesn't further the claim because the examiner found no mental symptoms preventing Riley from working.[24] In her pleadings, Riley relies on the 2010 death of her son as the source of her depression, but during the mental diagnostic exam, she attributed depressive symptoms to physical problems.[25] The medical evidence reflects no disabling symptoms.

2. **Treatment efforts are inconsistent with disabling symptoms**. "An ALJ may discount a claimant's subjective complaints … based on the claimant's failure to pursue regular medical treatment."[26] Riley sought very little medical treatment since she stopped working. She relies on the lack of medical insurance, but her attorney identified uninsured options.[27] The record reflects no efforts to pursue such options. Riley obtained health care in January 2014, but the record reflects no medical treatment before the unfavorable decision.

To the extent Riley relies on documentation attached to her pleadings, that information is not before the court. The ALJ gave Riley 30 days to submit evidence about the need for continuous positive airway pressure, but she presented no evidence. Even if Riley's documentation[28] was before the court, the use of continuous positive airway pressure shows

---

[22]SSA record at p. 346.

[23]*Id*. at p. 364.

[24]*Id*. at pp. 370-71.

[25]*Id*. at p. 370.

[26]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[27]SSA record at pp. 263& 265.

[28]Docket entry # 15.

Riley's sleep apnea can be treated. "An impairment which can be controlled by treatment or medication is not considered disabling."[29] The October 2014 mental health treatment note documents treatment after the time period for which benefits were denied.[30]

3. **Vocational evidence shows work exists that Riley can do**. After determining Riley can no longer work as a fast food shift worker or housekeeper, the ALJ asked a vocational expert about available work for a person's with Riley's limitations. The vocational expert identified cafeteria attendant and machine operator as representative jobs.[31] The vocational expert also identified available sedentary work.[32] A person who can do light work can also do sedentary work. The vocational evidence shows work exists that Riley can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[33]

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. Riley's impairments do not prevent some light work. A vocational expert identified available work. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Riley's request for relief (docket entry # 2) and

---

[29]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[30]Docket entry # 12 & SSA record at p. 8.

[31]SSA record at pp. 65-66.

[32]*Id*. at pp. 64-65 (identifying assembly work and inspector).

[33]42 U.S.C. § 1382c(a)(3)(B).

AFFIRMING the Commissioner's decision.

Dated this 27th day of November, 2015.

                                                      /s/ J. Thomas Ray
                                                 United States Magistrate Judge